IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GILBERT MAROSI,

    Plaintiff,

v.

CONRAD RUSHING, et al.,

    Defendants.

No. C 13-5198 RS

**ORDER DISMISSING CASE**

    Plaintiff Gilbert Marosi filed this suit against several dozen defendants, including numerous state trial and appellate court judges, several California state officials, the California State Bar, a newspaper, multiple law enforcement officials, and several other individuals and entities. Marosi's initial filing, styled as a motion for summary judgment, asks this court to grant numerous motions "ignored by Sixth [sic] Court of Appeal." This action was initially assigned to Magistrate Judge Grewal, who issued a report and recommendation that it be dismissed. (ECF No. 7). Because the parties did not consent to a determination by a magistrate judge, the case was reassigned. On March 11, 2014, Marosi filed an opposition to Judge Grewal's report and recommendation. (ECF No. 14).

    Marosi's action fails for a cascade of reasons. First, Marosi failed to file an actual complaint. *See, e.g.,* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Second, and more fatally, even if his motion for summary judgment is construed as a proper complaint, it nonetheless fails to provide "a short and plain statement of the claim showing

that the pleader is *entitled to relief.*" Fed. R. Civ. P. 8(a)(2) (emphasis added). While his allegations are lengthy and detailed, Marosi fails to state a single claim that is actually cognizable in this court. His averments are premised on the contention that the California Court of Appeal failed to rule in his favor on several unopposed motions he filed in state court. Federal district courts do not have appellate jurisdiction over state courts of appeal, nor are they empowered to adjudicate complaints of judicial malfeasance by officers of other courts.[1]

Marosi places undue emphasis on defendants' failure to respond to his pleadings in this action. His initial motion claimed the court "must find for plaintiff" in the absence of a response from defendants. (ECF No. 1, p. 4). Similarly, his most recent filing insists that his "summary Judgments [sic]" must be granted as a matter of law due to defendants' silence. (ECF No. 14, p. 2). That is now how it works in federal court. For one, when a party fails to respond to a motion within the timeline set by applicable local rules, the court's decision to grant or deny the unopposed motion is discretionary, not mandatory. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Even more importantly, where the court lacks jurisdiction to grant the motion in the first place, it is ultimately immaterial whether defendants proffer a defense. In other words, because Marosi requests relief that is plainly unavailable in this court, his entire case fails, no matter what.

Even construing his motion liberally, as is appropriate for *pro se* pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and even assuming that all allegations in his pleadings are true, Marosi nonetheless falls far short of alleging facts to support a cognizable claim for relief in this court.[2] Accordingly, this action is dismissed in its entirety. The clerk is directed to close the case.

IT IS SO ORDERED.

Dated: 3/12/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Marosi also requests that Judge Grewal be prosecuted. This frivolous request reflects Marosi's fundamental misunderstanding of the role of federal courts. Federal judges do not enforce the law. *See* James Madison, Federalist No. 47. Moreover, no citizen has an enforceable right to institute a criminal prosecution. *See Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, this motion is denied.

[2] Marosi's "motion to vacate ADR order" is denied as moot.

2